IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

MARY DENISE YOUNG, :
:
    Plaintiff, :
:
vs. : CIVIL ACTION 15-0632-CG-M
:
QUALITY CARE REHAB, :
:
    Defendant. :

## REPORT AND RECOMMENDATION

Currently before this Court is Defendant, Quality Care Rehab's, (hereinafter "Quality" or "Defendant") Motion to Dismiss (Doc. 19). This motion, under Federal Rules of Civil Procedure Fed. R. Civ. P. 4(m) and 41(b), was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court. Plaintiff did not file a response to Defendant's motion.

After careful consideration of the record, it is recommended that Defendant's Motion to Dismiss for failure to timely serve be denied.

## PROCEDURAL BACKGROUND

Plaintiff filed her Complaint against Defendant on December 15, 2015. (Doc. 1). On that same date, Plaintiff filed a Motion to Proceed Without Payment of Fees (also known as a Motion to Proceed *In forma Pauperis* ("IFP"))

(Doc. 2) which was granted by this Court on February 24, 2015 (Doc. 4), which was more than 60 days after the filing of the Complaint. On that same date, upon order of this Court, the Clerk of Court sent a Notice of Lawsuit and Request for Waiver of Service and Summons to Defendant via first class mail to the address provided by Plaintiff on her Complaint. (Doc. 5). The waiver was due to be returned by Defendant not later than March 24, 2016. (*Id.*) When Defendant did not return the waiver by the due date, this Court entered an order directing that the Clerk send a summons and a copy of the Complaint to Defendant via certified mail and ordered Defendant, when filing its response to the Complaint, to show cause why the waiver was not timely returned to the Court. (Doc. 6). The summons was issued on April 7, 2015, again to the same address provided by Plaintiff; however, the name "Ms. Dreama M. Waldrop, President" was added.[1] (Doc. 7). Service was perfected on Defendant on April 15, 2016. (Doc. 8).

On May 20, 2016, Defendant filed a Motion to Dismiss, Motion for More Definite Statement and Response to Show Cause Order. (Doc. 11). This Court ordered Plaintiff to respond to the motion or file an Amended Complaint by not later than June 10, 2016. (Doc. 13). Plaintiff filed an

---

[1] The docket sheet of this case does not explain how the name of this individual came to be included on the summons.

Amended Complaint on June 3, 2016 (Doc. 17), and Defendant filed the subject Motion to Dismiss on June 17, 2016, based on Plaintiff's failure to timely effect service. (Doc. 19).

DISCUSSION

Defendant contends Plaintiff's Complaint is due to be dismissed for failure to timely served Defendant pursuant to Fed. R. Civ. P. Rule 4(m), which provides as follows:

> "If a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period..."

Good cause exists "when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Abele v. Hernando County,* 161 Fed. Appx. 809, at 4-5 (11th Cir. 2005).

When a court grants a litigant leave to proceed IFP, the officers of the court must "issue and serve all process." 28 U.S.C. § 1915(d). In *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284 (11th Cir.2009), the Eleventh Circuit explained that, "[t]ogether, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal." *Id*. at 1286). The Court went on to state that,

the Marshal "must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Id*. As a result, the Eleventh Circuit adopted the following rule: "[T]he failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." *Rance*, 583 F.3d at 1288; *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir.1990)("In forma pauperis litigants should be entitled to rely on the court officers and United States Marshals to effect proper service where such failure is not due to fault on the litigant's part."); *see also Powell v. Indep. Inventory Serv., Inc.*, 516 Fed.App'x. 907, 912–13 (11th Cir.2013).

In the present action, Plaintiff was granted IFP status on February 24, 2016, at which time, it was reasonable for Plaintiff to rely on the Court to issue and serve Defendant with Plaintiff's Complaint. Service was perfected, albeit 121 days after Plaintiff's Complaint was filed. Therefore, the only reason good cause would not exist is if Plaintiff was at fault for the untimely

4

service.  A review of the relevant documents indicates that Plaintiff provided this Court with the appropriate name and address of Defendant in her Complaint, evidenced by the fact that Defendant was ultimately served at said address.

Defendant's contention that Plaintiff's failure to provide this Court with the name of the appropriate officer to be served represents fault on the part of Plaintiff is not persuasive.  A plaintiff is relieved of her burden for perfecting service "once reasonable steps have been taken to identify for the court the defendants named in the complaint", which was done in the present action.  *See Rance*, 583 F.3d at 1286.  Further, the Order entered by this Court states only that "it is Plaintiff's responsibility to furnish the Court with an accurate address for a Defendant", which Plaintiff did.  As a result, the failure of the court to timely serve Defendant constitutes "good cause" that demands an extension of time for Plaintiff to serve Defendant, which has now occurred.

Furthermore, the Eleventh Circuit has held "that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *See Horenkamp v. Van Winkle And Co., Inc.*, 402 F.3d 1129 (11th Cir. 2005). In such an absence, "the district court must still consider whether

any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Lepone-Dempsey v. Carroll County Com'rs*, 76 F.3d 1277, 1282 (11th Cir. 2007).

Defendant has asserted that this Court should not be inclined to extend the time for service in the absence of a showing of good cause in the present action, due to Plaintiff's failure to identify a named officer of Defendant to be served and because Plaintiff failed to otherwise serve Defendant, while stating to the Court that she had done so. However, because this Court, in the absence of a showing of good cause, can exercise discretion in extending the time to serve after considering the circumstances of the case, the undersigned would still not be inclined to grant a dismissal in this action.

First, this Court *could have* dismissed this action without prejudice right after Plaintiff's deadline to serve Defendant elapsed, had there been no good cause. Instead, however, this Court entered an order directing the Clerk of Court to serve Defendant, which effectively extended the time for service to be completed. Further, following the

filing of Plaintiff's initial Motion for More Definite Statement/Motion to Dismiss[2], this Court entered an order informing Plaintiff that she could file an Amended Complaint (Doc. 13), which Plaintiff did (Doc. 17). As a result, it would be procedurally inappropriate, in the instant action, to now dismiss this action without prejudice, for untimely service. As a result, this Court is not inclined to dismiss this action, even in the absence of good cause.

## CONCLUSION

For the reasons herein above, it is recommended that Defendant's Motion to Dismiss for failure to timely serve be denied.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

---

[2] Defendant's initial Motion (Doc. 11) also raised the issue of untimely service.

7

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 9th day of September, 2016.

s/BERT W. MILLING, JR.<br>
UNITED STATES MAGISTRATE JUDGE